§JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nucorp, Ltd. | John Does 1-37 |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Bucks County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Fiore & Barber, LLC, 425 Main Street, Suite 200, Harleysville, PA 19438, (215)256-0205

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 106
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
11/21/11

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 8 Copthall, Roseau Valley, 00152, Dominica

Address of Defendant: John Doe #1: Reading, PA

Place of Accident, Incident or Transaction: All infringements occured within this jurisdictional district.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Christopher P. Fiore, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/17/11          _____          83018
                        Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____          _____
                          Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 8 Copthall, Roseau Valley, 00152, Dominica

Address of Defendant: John Doe #1: Reading, PA

Place of Accident, Incident or Transaction: All infringements occurred within this jurisdictional district.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　Yes☐　No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　　Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Christopher P. Fiore, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 11/17/11 _____ Attorney-at-Law _____ Attorney I.D.# 83018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ Attorney-at-Law _____ Attorney I.D.# _____

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Nucorp, Ltd.                          :        CIVIL ACTION
                                v.     :
John Does 1-37                        :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


| | | |
|---|---|---|
| *11/17/11* | *Christopher P. Fiore* | *Plaintiff* |
| **Date** | **Attorney-at-law** | **Attorney for** |
| *(215) 256-0205* | *(215) 256-9205* | *CFiore@FioreBarber.com* |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------X
                          :
NUCORP, INC.,
                          :       Civil Action No. _____
            Plaintiff,     :
                          :
        vs.                :
                          :
JOHN DOES 1-37,
                          :
          Defendants.   :
                          :
-------------------------------------------------------------X

## COMPLAINT-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGMENT

      Plaintiff, Nucorp, Inc., by and through its counsel, Fiore & Barber, LLC, sues John Does 1-37, and alleges:

### Introduction

    1.    This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

    2.    Each of the Defendants copied and distributed most of a website containing 51 movies. This is known as a "siterip." The file containing the subject website is so large that the Defendants' computers must have worked collaboratively with each other through the process described below for numerous weeks or months to effectuate a complete download and redistribution of the subject website.[1]

    3.    Throughout this Complaint the word "Works" refers to the 51 movies contained on the subject website.

---

[1] The hit dates listed in the exhibits are not evidence of when a particular Defendant started the download but are merely evidence of when the investigator's server recorded an IP address sending a particular piece of data.

4.     Through this suit, Plaintiff alleges each Defendant is liable for:

- Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and

- Contributory copyright infringement.

### Jurisdiction And Venue

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

6.     As set forth on Exhibit A, each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over each Defendant because each Defendant committed the tortious conduct alleged in this Complaint in the Eastern District of the Commonwealth of Pennsylvania, and (a) each Defendant resides in the Eastern District of the Commonwealth of Pennsylvania, and/or (b) each Defendant has engaged in continuous and systematic business activity, or has contracted to supply goods or services in the Eastern District of the Commonwealth of Pennsylvania.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) a Defendant resides (and therefore can be found) in this District and all of the Defendants reside in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or each Defendant's agent resides or may be found in this District.

### Parties

8.     Plaintiff is a corporation organized and existing under the laws of Dominica and has its principal place of business located at 8 Copthall, Roseau Valley, 00152, Dominica.

2

9.     Each Defendant is known to Plaintiff only by an IP address.

10.     An IP address is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet.

11.     The ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity.

### Joinder

12.     Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing of Plaintiff's copyrighted Works, and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works.

### Factual Background

I.     *Plaintiff Owns the Copyright to the Motion Pictures*

13.     Plaintiff's Works are subject to copyright protection pursuant to 17 U.S.C. §§ 104(b)(1)-(3) because one or more of the authors is a national or domiciliary of a treaty party; the Works were first published in a foreign nation that is a treaty party; and the Works qualify as a sound recording that was first fixed in the territory of a treaty party.

14.     Registering the copyrights is not a condition precedent to bringing this action under 17 U.S.C. § 411 (a) because the subject copyrights are not "United States Work(s)" within the meaning of that statute.  Instead, the Works underlying the copyrights were created and/or

3

published within the territory of a treaty party.

15.     Within the time limits prescribed by 17 U.S.C. § 412, Plaintiff submitted applications for Copyright Registrations for 10 of the 51 movies contained on the subject website. A copy of each of the applications is attached as Composite Exhibit B along with a list of the titles of the other 41 works.

II.     _Defendants Used BitTorrent To Infringe Plaintiff's Copyright_

16.     BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic.  The creators and user's of BitTorrent developed their own lexicon for use when talking about BitTorrent; a copy of the BitTorrent vocabulary list posted on www.Wikipedia.com is attached as Exhibit C.

17.     The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.  In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

A.     _Each Defendant Installed a BitTorrent Client onto his or her Computer_

18.     Each Defendant installed a BitTorrent Client onto his or her computer.

19.     A BitTorrent "Client" is a software program that implements the BitTorent protocol.  There are numerous such software programs including µTorrent and Vuze, both of which can be directly downloaded from the internet.  See www.utorrent.com and

http://new.vuze-downloads.com/.

20.     Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

B.      *The Initial Seed, Torrent, Hash and Tracker*

21.     A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

22.     The Client takes the target computer file, the "initial seed," here the subject website containing the copyrighted Works, and divides it into groups of bits known as "pieces."

23.     The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

24.     When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free.  In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

25.     Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

26.     The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

27.     The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Works, on them and

facilitates the exchange of data among the computers.

28.     Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

C.     *Torrent Sites*

29.     "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.   There are numerous    torrent    websites,    including    www.TorrentZap.com,    www.Btscene.com, www.ExtraTorrent.com, and www.piratebay.org.

30.     Upon information and belief, each Defendant went to a torrent site to upload and download Plaintiff's copyrighted Works.

D.     *Uploading and Downloading Works Through a BitTorrent Swarm*

31.     Once the initial seeder has created a torrent and uploaded it onto a torrent site then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Works) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

32.     The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Works, to the peers seeking to download the computer file.

33.     Once a peer receives a piece of the computer file, here a piece of the Copyrighted Works, it starts transmitting that piece to the other peers.

34.     In this way, all of the peers and seeders are working together in what is called a "swarm."

35.     Here, each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions. A print out of a computer screen illustrating the type of interactions between and among peers and seeders in a typical swarm is attached as Exhibit D.

36.     In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Works here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted work to each of the peers.  The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

37.     Once a peer, here a Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie.

E.     *Plaintiff's Computer Investigators Identified Each of the Defendants' IP Addresses as Participants in a Swarm That Was Distributing Plaintiff's Copyrighted Works*

38.     Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

39.     IPP used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

40.     IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the file identified by the SHA-1 hash value of 7279915A655370BE4DF168F7A166F89BAF203FF2 (the

"Unique Hash Number").

41.     The IP addresses, Unique Hash Number and hit dates contained on Exhibit A accurately reflect what is contained in the evidence logs, and show:

(A)     Each Defendant had copied a piece of Plaintiff's copyrighted Works identified by the Unique Hash Number; and

(B)     Therefore, each Defendant was part of the same series of transactions.

42.     Through each of the transactions, each of the Defendant's computers used their identified IP addresses to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number.

43.     IPP's agent analyzed each BitTorrent "piece" distributed by each IP address listed on Exhibit A and verified that re-assemblage of the pieces using a BitTorrent Client results in a fully playable digital motion picture of the Works.

44.     IPP's agent viewed the Works side-by-side with the digital media file that correlates to the Unique Hash Number and determined that they were identical, strikingly similar or substantially similar.

### Miscellaneous

45.     All conditions precedent to bringing this action have occurred or been waived.

46.     Plaintiff retained counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for its services.

### COUNT I
### Contributory Infringement Against Does 1-37

47.     The allegations contained in paragraphs 1-46 are hereby re-alleged as if fully set forth herein.

48.    Plaintiff is the owner of the applications for the Work, each of which will ripen into a Registration, each of which contains an original work of authorship.

49.    By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the Works that are original.

50.    Plaintiff did not authorize, permit or consent to Defendants' copying of its Works.

51.    As a result of the foregoing, each Defendant violated Plaintiff's exclusive right to:

(A)    Reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)    Redistribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)    Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works audible and transmitting said performance of the Works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)    Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Works nonsequentially and transmitting said display of the Works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

52.    Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

53.    Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion and a diminution of the value of its copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)    Permanently enjoin each Defendant and all other persons who are in active

concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B)     Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Works from each of the computers under each such Defendant's possession, custody or control;

(C)     Order that each Defendant delete and permanently remove the copy of the Works each Defendant has on the computers under Defendant's possession, custody or control;

(D)     Provided that the 10 copyright applications ripen into registrations, award Plaintiff statutory damages in the amount of $150,000 per Defendant, per registered Work infringed, pursuant to 17 U.S.C. § 504-(a) and (c);

(E)     Award Plaintiff its actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b);

(F)     Provided that the 10 copyright applications ripen into registrations award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(G)     Grant Plaintiff any other and further relief this Court deems just and proper.

## COUNT II
### Contributory Infringement Against Does 1-37

54.     The allegations contained in paragraphs 1-46 are hereby re-alleged as if fully set forth herein.

55.     Plaintiff is the owner of the applications, each of which will ripen into a Registration, for the Works, each of which contains an original work of authorship.

56.     By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of each of the Works that are original.

57.   By participating in the BitTorrent swarm with the other Defendants, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant.

58.   Plaintiff did not authorize, permit or consent to Defendants' inducing, causing or materially contributing to the infringing conduct of each other Defendant.

59.   Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of a swarm with Defendant.

60.   Each Defendant knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing Plaintiff's copyrighted Works by copying constituent elements of the Works that are original.

61.   Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities.

62.   Each of the Defendants' contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

63.   Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion, and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)   Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B)   Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Works from each of the computers under each such Defendant's possession, custody or control;

(C)   Order that each Defendant delete and permanently remove the copy of the Works

each Defendant has on the computers under Defendant's possession, custody or control;

    (D)    Find that each Defendant is jointly and severally liable for the direct infringement of each other Defendant;

    (E)    Provided that the 10 copyright applications ripen into registrations, award Plaintiff statutory damages in the amount of $150,000 per Defendant, per registered Work infringed, pursuant to 17 U.S.C. § 504-(a) and (c);

    (F)    Award Plaintiff its actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b);

    (G)    Provided that the 10 copyright applications ripen into registrations award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

    (E)    Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this   _/ 7_   day of November, 2011

                    Respectfully submitted,

                    FIORE & BARBER, LLC

By: _____

                    Christopher P. Fiore, Esquire
                    Aman M. Barber, III, Esquire
                    Attorneys for Plaintiff
                    425 Main Street, Suite 200
                    Harleysville, PA 19438
                    Tel:  (215) 256-0205
                    Fax:  (215) 256-9205
                    Email:  cfiore@fiorebarber.com

**SHA-1 Hash:** 7279915A655370BE4DF168F7A166F89BAF203FF2          **Rights Owner:** Nucorp, Ltd.

| DOE# | IP | Hit date (UTC) | City | State | ISP | Network |
|------|-----|----------------|------|-------|-----|---------|
| 1 | 174.60.48.109 | 9/9/2011 1:55 | Reading | PA | Comcast Cable | BitTorrent |
| 2 | 68.32.22.80 | 8/30/2011 0:27 | Bryn Mawr | PA | Comcast Cable | BitTorrent |
| 3 | 68.57.17.4 | 10/9/2011 15:47 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 4 | 68.63.138.150 | 8/28/2011 14:58 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 5 | 68.63.153.98 | 9/24/2011 2:34 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 6 | 68.80.217.148 | 9/27/2011 20:13 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 7 | 68.81.219.129 | 7/15/2011 0:37 | Norristown | PA | Comcast Cable | BitTorrent |
| 8 | 68.82.220.249 | 8/4/2011 6:00 | Wynnewood | PA | Comcast Cable | BitTorrent |
| 9 | 68.84.223.248 | 10/10/2011 17:38 | Levittown | PA | Comcast Cable | BitTorrent |
| 10 | 69.242.125.87 | 8/13/2011 18:46 | Chester Springs | PA | Comcast Cable | BitTorrent |
| 11 | 69.242.3.211 | 8/13/2011 0:18 | Downingtown | PA | Comcast Cable | BitTorrent |
| 12 | 69.242.33.54 | 8/12/2011 18:42 | Darby | PA | Comcast Cable | BitTorrent |
| 13 | 69.242.65.97 | 8/31/2011 2:51 | Media | PA | Comcast Cable | BitTorrent |
| 14 | 69.249.208.189 | 8/21/2011 3:34 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 15 | 71.224.14.95 | 8/26/2011 2:22 | Landenberg | PA | Comcast Cable | BitTorrent |
| 16 | 71.230.216.173 | 8/25/2011 21:42 | Pottstown | PA | Comcast Cable | BitTorrent |
| 17 | 76.124.101.88 | 8/26/2011 14:21 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 18 | 76.98.12.248 | 8/18/2011 5:00 | West Chester | PA | Comcast Cable | BitTorrent |
| 19 | 98.225.202.211 | 8/11/2011 6:18 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 20 | 64.121.13.49 | 9/12/2011 6:41 | Allentown | PA | RCN Corporation | BitTorrent |
| 21 | 64.121.47.40 | 8/31/2011 8:38 | Allentown | PA | RCN Corporation | BitTorrent |
| 22 | 64.121.87.106 | 8/21/2011 4:19 | Alburtis | PA | RCN Corporation | BitTorrent |

EXHIBIT A

| DOE# | IP | Hit date (UTC) | City | State | ISP | Network |
|---|---|---|---|---|---|---|
| 23 | 64.121.99.23 | 9/25/2011 0:15 | Bethlehem | PA | RCN Corporation | BitTorrent |
| 24 | 65.78.44.228 | 8/25/2011 18:30 | Bethlehem | PA | RCN Corporation | BitTorrent |
| 25 | 108.2.133.212 | 9/14/2011 22:56 | Conshohocken | PA | Verizon Internet Services | BitTorrent |
| 26 | 151.197.62.17 | 8/28/2011 5:56 | Philadelphia | PA | Verizon Internet Services | BitTorrent |
| 27 | 173.62.129.191 | 7/28/2011 16:12 | Allentown | PA | Verizon Internet Services | BitTorrent |
| 28 | 71.175.70.223 | 8/4/2011 16:14 | Langhorne | PA | Verizon Internet Services | BitTorrent |
| 29 | 71.242.153.148 | 7/16/2011 23:28 | Willow Grove | PA | Verizon Internet Services | BitTorrent |
| 30 | 71.242.154.166 | 9/23/2011 7:08 | Philadelphia | PA | Verizon Internet Services | BitTorrent |
| 31 | 72.94.164.20 | 7/29/2011 2:09 | Chalfont | PA | Verizon Internet Services | BitTorrent |
| 32 | 72.94.21.96 | 9/1/2011 22:22 | Philadelphia | PA | Verizon Internet Services | BitTorrent |
| 33 | 72.94.24.101 | 8/19/2011 21:46 | Levittown | PA | Verizon Internet Services | BitTorrent |
| 34 | 96.227.147.109 | 9/18/2011 21:04 | Philadelphia | PA | Verizon Internet Services | BitTorrent |
| 35 | 208.101.157.197 | 8/16/2011 23:22 | Boyertown | PA | Windstream Communications | BitTorrent |
| 36 | 67.214.16.37 | 9/6/2011 21:36 | Douglassville | PA | Windstream Communications | BitTorrent |
| 37 | 67.214.21.224 | 9/27/2011 19:56 | Oley | PA | Windstream Communications | BitTorrent |

EXHIBIT A

EPA21

*-APPLICATION-*

## Title
Title of Work: Interracial Sex for Cash

## Completion/Publication
Year of Completion: 2011

Date of 1st Publication: May 7, 2011          Nation of 1st Publication: Dominica

## Author
■   Author: Nucorp Ltd.

Author Created: entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

Work made for hire: Yes

Citizen of: Dominica          Domiciled in: Dominica

## Copyright claimant
Copyright Claimant: Nurcorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Rights and Permissions
Organization Name: Nucorp Ltd.

## Certification
Name: Daniel

Date: August 31, 2011

EXHIBIT B                          Page 1 of 1

Registration #:

Service Request #: 1-652475415

Priority: Routine         Application Date: August 31, 2011 04:16:44 PM

## Correspondent

Organization Name: Lipscomb & Eisenberg

Name: M. K. Lipscomb

Email: copyright@lbefirm.com        Telephone: 786-431-2228

Address: 2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb
M. K. Lipscomb
2 South Biscayne Blvd
Miami, FL 33131  United States

*-APPLICATION-*

## Title

Title of Work: Rough Sex for Sick Cash

## Completion/Publication

Year of Completion: 2011

Date of 1st Publication: January 1, 2011          Nation of 1st Publication: Dominica

## Author

■     Author: Nucorp Ltd.

Author Created: entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

Work made for hire: Yes

Citizen of: Dominica                     Domiciled in:  Dominica

## Copyright claimant

Copyright Claimant: Nucorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

Copyright Claimant: Daniel Miller

400 Capitol Mall, Sacramento, CA

## Rights and Permissions

Organization Name: Nucorp Ltd.

## Certification

Name: Daniel Miller

Date: August 31, 2011

**Registration #:**
**Service Request #:** 1-652475438

**Priority:** Routine                **Application Date:** August 31, 2011 08:06:55 PM

## Correspondent

**Name:** M. Lipscomb

**Email:** copyright@lebfirm.com

**Address:** 2 S. Biscayne Blvd
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb Eisenberg
2 S. Biscayne Blvd
Suite 3800
Miami, FL 33131 United States

*-APPLICATION-*

## Title
Title of Work: Couple in Despair

## Completion/Publication
Year of Completion: 2010

Date of 1st Publication: June 23, 2010          Nation of 1st Publication: Dominica

## Author
■          Author: Nucorp Ltd.

Author Created: entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

Work made for hire: Yes

Citizen of: Dominica                  Domiciled in: Dominica

## Copyright claimant
Copyright Claimant: Nucorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Certification
Name: Daniel

Date: August 31, 2011

**Registration #:**

**Service Request #:** 1-652475827

**Priority:** Routine

**Application Date:** August 31, 2011 06:34:55 PM

## Correspondent

**Name:** M Lipscomb

**Email:** copyright@lbefirm.com

**Address:** 2 S. Biscayne Blvd
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb & Eisenberg
2 S. Biscayne Blvd.
Miami, FL 33131 United States

*-APPLICATION-*

## Title
Title of Work: Her Ass Earns Them Money For Living

## Completion/Publication
Year of Completion: 2010

Date of 1st Publication: October 2, 2010          Nation of 1st Publication: Dominica

## Author
■    Author: Nucorp Ltd.

Author Created: entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

Work made for hire: Yes

Citizen of: Dominica          Domiciled in: Dominica

## Copyright claimant
Copyright Claimant: Nucorp Ltd

8 Copthall, Roseau Valley

## Certification
Name: Miller

Date: August 25, 2011

**Registration #:**

**Service Request #:** 1-652475850

**Priority:** Routine

**Application Date:** August 25, 2011 09:46:27 AM

## Correspondent

**Organization Name:** Lipscomb & Eisenberg

**Name:** M. K. Lipscomb

**Email:** copyright@lbefirm.com

**Address:** 2 South Biscayne Blvd.
Miami, FL 33131 United States

## Mail Certificate

Lipscomb & Eisenberg
2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131  United States

*-APPLICATION-*

## Title
**Title of Work:** Getting Slutty For Love And Money

## Completion/Publication
**Year of Completion:** 2010
**Date of 1st Publication:** August 12, 2010          **Nation of 1st Publication:** Dominica

## Author
■     **Author:** Nucorp Ltd.
**Author Created:** entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

**Work made for hire:** Yes
**Citizen of:** Dominica          **Domiciled in:** Dominica

## Copyright claimant
**Copyright Claimant:** Nurcorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Certification
**Name:** Daniel
**Date:** August 31, 2011

**Registration #:**
**Service Request #:** 1-655299772
**Priority:** Routine                    **Application Date:** August 31, 2011 07:10:36 PM

## Correspondent

**Organization Name:** Lipscomb & Eisenberg
**Name:** M. K. Lipscomb
**Email:** copyright@lbefirm.com                **Telephone:** 786-431-2228
**Address:** 2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb
M. K. Lipscomb
2 South Biscayne Blvd
Miami, FL 33131  United States

*-APPLICATION-*

## Title

**Title of Work:** Shy girl turns into a slut

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** May 7, 2011          **Nation of 1st Publication:** Dominica

## Author

- **Author:** Nucorp Ltd.

  **Author Created:** entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

  **Work made for hire:** Yes

  **Citizen of:** Dominica          **Domiciled in:** Dominica

## Copyright claimant

**Copyright Claimant:** Nurcorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Certification

**Name:** Daniel

**Date:** August 31, 2011

Page 1 of 1

**Registration #:**

**Service Request #:**  1-655299797

**Priority:** Routine     **Application Date:**  August 31, 2011 07:10:47 PM

## Correspondent

**Organization Name:** Lipscomb & Eisenberg

**Name:** M. K. Lipscomb

**Email:** copyright@lbefirm.com    **Telephone:** 786-431-2228

**Address:** 2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb
M. K. Lipscomb
2 South Biscayne Blvd
Miami, FL 33131  United States

*-APPLICATION-*

## Title

**Title of Work:** Blondie in trouble

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** July 15, 2010    **Nation of 1st Publication:** Dominica

## Author

■   **Author:** Nucorp Ltd.

**Author Created:** entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

**Work made for hire:** Yes

**Citizen of:** Dominica    **Domiciled in:** Dominica

## Copyright claimant

**Copyright Claimant:** Nurcorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Certification

**Name:** Daniel

**Date:** August 31, 2011

**Registration #:**

**Service Request #:** 1-655299842

**Priority:** Routine       **Application Date:** August 31, 2011 07:10:58 PM

## Correspondent

**Organization Name:** Lipscomb & Eisenberg

**Name:** M. K. Lipscomb

**Email:** copyright@lbefirm.com       **Telephone:** 786-431-2228

**Address:** 2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb
M. K. Lipscomb
2 South Biscayne Blvd
Miami, FL 33131  United States

*-APPLICATION-*

## Title

Title of Work: Money and Sex from the Ex

## Completion/Publication

Year of Completion: 2010

Date of 1st Publication: September 8, 2010          Nation of 1st Publication: Dominica

## Author

■     Author: Nucorp Ltd.

Author Created: entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

Work made for hire: Yes

Citizen of: Dominica                    Domiciled in: Dominica

## Copyright claimant

Copyright Claimant: Nurcorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Certification

Name: Daniel

Date: August 31, 2011

Registration #:
Service Request #: 1-655299867
Priority: Routine

Application Date: August 31, 2011 07:11:09 PM

## Correspondent

Organization Name: Lipscomb & Eisenberg

Name: M. K. Lipscomb

Email: copyright@lbefirm.com

Telephone: 786-431-2228

Address: 2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb
M. K. Lipscomb
2 South Biscayne Blvd
Miami, FL 33131  United States

*-APPLICATION-*

## Title

**Title of Work:** Pussy Pays the Gambling Debt

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** December 2, 2010          **Nation of 1st Publication:** Dominica

## Author

■          **Author:** Nucorp Ltd.

**Author Created:** entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

**Work made for hire:** Yes

**Citizen of:** Dominica          **Domiciled in:** Dominica

## Copyright claimant

**Copyright Claimant:** Nurcorp Ltd.

8 Copthall, Roseau Valley, 00152, Dominica

## Certification

**Name:** Daniel

**Date:** August 31, 2011

**Registration #:**

**Service Request #:**  1-655299932

**Priority:**  Routine                    **Application Date:**  August 31, 2011 07:11:20 PM

## Correspondent

**Organization Name:** Lipscomb & Eisenberg

**Name:** M. K. Lipscomb

**Email:** copyright@lbefirm.com                    **Telephone:** 786-431-2228

**Address:** 2 South Biscayne Blvd.
Suite 3800
Miami, FL 33131 United States

## Mail Certificate

Lipscomb
M. K. Lipscomb
2 South Biscayne Blvd
Miami, FL 33131  United States

*-APPLICATION-*

## Title

**Title of Work:** Young Pussy on Sale

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** March 4, 2011        **Nation of 1st Publication:** Dominica

## Author

■ **Author:** Nucorp Ltd.

**Author Created:** entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor

**Work made for hire:** Yes

**Citizen of:** Dominica        **Domiciled in:** Dominica

## Copyright claimant

**Copyright Claimant:** Nucorp Limited

8 Copthall, Roseau Valley

## Certification

**Name:** Dan Miller

**Date:** August 31, 2011

Registration #:

Service Request #: 1-652398131

Priority: Routine          Application Date: August 31, 2011 07:10:25 PM

## Correspondent

Name: M. Lipscomb

Email: copyright@lebfirm.com

Address: 2 S. Biscayne Blvd
Suite 3800
Miami, FL

## Mail Certificate

Lipscomb Eisenberg
2 S. Biscayne Blvd
Suite 3800
Miami, FL 33131  United States

# BitTorrent vocabulary

From Wikipedia, the free encyclopedia
 (Redirected from Terminology of BitTorrent)

This list explains terms used when discussing **BitTorrent clients**, and in particular the BitTorrent
protocol used by these clients.

## Common BitTorrent terms

### Announce

Same as "scrape" (see below), but a client also announces that it wants to join the swarm and that
the server should add it to the list of peers in that swarm.

### Availability

(Also known as distributed copies.) The number of full copies of the file available to the client.
Each seed adds 1.0 to this number, as they have one complete copy of the file. A connected peer
with a fraction of the file available adds that fraction to the availability, if no other peer has this
part of the file.
*Example:* a peer with 65.3% of the file downloaded increases the availability by 0.653. However,
if two peers both have the same portion of the file downloaded - say 50% - and there is only one
seeder, the availability is 1.5.

### Choked

Describes a peer to whom the client refuses to send file pieces. A client *chokes* another client in
several situations:

- The second client is a *seed*, in which case it does not want any pieces (i.e., it is completely
  *uninterested*)
- The client is already uploading at its full capacity (it has reached the value of `max_uploads`)
- The second client has been blacklisted for being abusive or is using a blacklisted BitTorrent
  client.

### Client

The program that enables p2p file sharing via the BitTorrent protocol. Examples of clients include
μTorrent and Vuze.

### Downloader

A *downloader* is any peer that does not have the entire file and is downloading the file. This term,
used in Bram Cohen's Python implementation, lacks the negative connotation attributed to *leech*.
Bram prefers *downloader* to *leech* because BitTorrent's tit-for-tat ensures downloaders also upload
and thus do not unfairly qualify as *leeches*.

# EXHIBIT C

## End Game

Bittorrent has a couple of download strategies for initializing a download, downloading normally among the middle of the torrent, and downloading the last few **pieces** (see below) of a torrent. Typically, the last download pieces arrive more slowly than the others since the faster and more easily accessible pieces should have already been obtained, so to prevent this, the BitTorrent client attempts to get the last missing pieces from all of its peers. Upon receiving a piece, a cancel request command is sent to other peers.

## Fake

A fake torrent is a torrent that does not contain what is specified in its name or description(i.e. a torrent is said to contain a video, but it contains only a snapshot of a moment in the video, or in some cases a virus).

## Hash

The hash is a string of alphanumeric characters in the .torrent file that the client uses to verify the data that is being transferred. It contains information like the file list, sizes, pieces, etc. Every piece received is first checked against the hash. If it fails verification, the data is discarded and requested again. The 'Hash Fails' field in the torrent's General tab shows the number of these hash fails.

Hash checks greatly reduce the chance that invalid data is incorrectly identified as valid by the BitTorrent client, but it is still possible for invalid data to have the same hash value as the valid data and be treated as such. This is known as a hash collision.

## Health

Health is shown in a bar or in % usually next to the torrents name and size, on the site where the .torrent file is hosted. It shows if all pieces of the torrent are available to download (i.e. 50% means that only half of the torrent is available).

## Index

An *index* is a list of .torrent files (usually including descriptions and other information) managed by a website and available for searches. An *index* website can also be a *tracker*.

## Interested

Describes a downloader who wishes to obtain pieces of a file the client has. For example, the uploading client would flag a downloading client as 'interested' if that client did not possess a piece that it did, and wished to obtain it.

## Leech

A *leech* is a term with two meanings. Usually it is used to refer a *peer* who has a negative effect on the swarm by having a very poor share ratio (downloading much more than they upload). Most leeches are users on asymmetric internet connections and do not leave their BitTorrent client open

to seed the file after their download has completed. However, some leeches intentionally avoid uploading by using modified clients or excessively limiting their upload speed.

The often used second meaning of *leech* is synonymous with *downloader* (see above): used simply to describe a *peer* or any client that does not have 100% of the data. This alternative meaning was mainly introduced by most BitTorrent tracker sites.

## Lurker

A *lurker* is a user that only downloads files from the group but does not add new content. It does not necessarily mean that the lurker will not seed. Not to be confused with a *leecher*.

## p2p

Stands for "peer to peer", which is the technology used for file sharing among computer users over the internet. In a p2p network, each node (or computer on the network) acts as both a client and a server. In other words, each computer is capable of both sending and receiving data.

## Peer

A *peer* is one instance of a BitTorrent client running on a computer on the Internet to which other clients connect and transfer data. Usually a *peer* does not have the complete file, but only parts of it. However, in the colloquial definition, "peer" can be used to refer to any participant in the swarm (in this case, it's synonymous with "client").

## Piece

This refers to the torrented files being divided up into equal specific sized pieces (*e.g.* 512Kb, 1Mb). The pieces are distributed in a random fashion among peers in order to optimize trading efficiency.

## Ratio credit

A *ratio credit*, also known as *upload credit* or *ratio economy*, is a currency system used on a number of private trackers to provide an incentive for higher upload/download ratios among member file-sharers. In such a system, those users who have greater amounts of bandwidth, hard drive space (particularly seedboxes) or idle computer uptime are at a greater advantage to accumulate ratio credits versus those who are lacking in any one or more of the same resources.

## Scrape

This is when a client sends a request to the tracking server for information about the statistics of the torrent, such as with whom to share the file and how well those other users are sharing.

## Seeder

A *seeder* is a *peer* that has an entire copy of the torrent and offers it for upload. The more *seeders* there are, the better the chances of getting a higher download speed. If the seeder seeds the whole copy of the download, they should get faster downloads.

## Share ratio

A user's share ratio for any individual torrent is a number determined by dividing the amount of data that user has uploaded by the amount of data they have downloaded. Final share ratios over 1 carry a positive connotation in the BitTorrent community, because they indicate that the user has sent more data to other users than they received. Likewise, share ratios under 1 have negative connotation.

## Snubbed

An uploading client is flagged as *snubbed* if the downloading client has not received any data from it in over 60 seconds.

## Super-seeding

When a file is new, much time can be wasted because the seeding client might send the same file piece to many different peers, while other pieces have not yet been downloaded at all. Some clients, like ABC, Vuze, BitTornado, TorrentStorm, and µTorrent have a "super-seed" mode, where they try to only send out pieces that have never been sent out before, theoretically making the initial propagation of the file much faster. However the super-seeding becomes substantially less effective and may even reduce performance compared to the normal "rarest first" model in cases where some peers have poor or limited connectivity. This mode is generally used only for a new torrent, or one which must be re-seeded because no other seeds are available.

## Swarm

*Main article: segmented downloading*

Together, all *peers* (including *seeders*) sharing a *torrent* are called a *swarm*. For example, six ordinary *peers* and two *seeders* make a *swarm* of eight.

## Torrent

A *torrent* can mean either a `.torrent` metadata file or all files described by it, depending on context. The *torrent file* contains metadata about all the files it makes downloadable, including their names and sizes and checksums of all pieces in the *torrent*. It also contains the address of a *tracker* that coordinates communication between the peers in the swarm.

## Tracker

A *tracker* is a server that keeps track of which seeds and peers are in the swarm. Clients report information to the tracker periodically and in exchange, receive information about other clients to which they can connect. The tracker is not directly involved in the data transfer and does not have a copy of the file.

# See also

Retrieved from "http://en.wikipedia.org/wiki/BitTorrent_vocabulary"
Categories: BitTorrent | Lexis

- This page was last modified on 22 February 2011 at 15:22.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. See Terms of Use for details.
  Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.



EXHIBIT D