Leonard J. French
PA Bar: 312413
(Motion for Federal Admission Pending)
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

Attorney for DOE #20

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NUCORP, INC.                    ) | CIVIL ACTION NO. |
| ) | 5:11-CV-07250-CMR |
| Plaintiff,              ) | |
| ) | MOTION TO QUASH |
| ) | SUBPOENA SERVED |
| JOHN DOES #1-37                 ) | UPON RCN TELECOM |
| ) | SERVICES, LLC. |
| Defendant             ) | |
| ) | |

COMES NOW DOE #20 and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE #20 files this Motion to Quash Subpoena served upon RCN TELECOM SERVICES LLC (hereinafter "RCN"), because the subpoena requires disclosure of protected information and subjects DOE #20 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE #20 to alleged infringing activity.

2. Plaintiff filed suit in the Eastern District of Pennsylvania (No. 5:11-CV-07250-CMR) against 37 unnamed DOE defendants, who are identified in its Complaint only by

- 1 -

internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

 3. DOE #20 is a resident of the City of Allentown, Pennsylvania. RCN is an internet service provider (ISP) that provides internet service to its customers, including DOE #20. Plaintiff, NuCorp, on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on RCN, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE #20, so DOE #20 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as Exhibit A.

 4. DOE #20 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE #20 has personal and proprietary interests. DOE #20 also has standing to move to quash the subpoena to protect reputational interests. Fed. R. Civ. P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

 5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Eastern District of Pennsylvania thus lacks personal jurisdiction over any of the DOEs at this point. The Eastern District of Pennsylvania also lacks personal jurisdiction over DOE #20.

 6. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as RCN, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP

addresses listed in its Complaint. This Motion to Quash is timely filed as RCN notified DOE #20 of the subpoena on 22-March 2012.

      7. The NuCorp complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers...The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-CV-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit B. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from RCN.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had

used multiple ISP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force RCN to turn over the requested information, DOE #20 would suffer a reputational injury.

8. DOE #20 resided in a residential structure in a low-density urban area in West Allentown. DOE #20 was only one of multiple persons living in the residence. DOE #20's internet service connection was routed through an unsecured "WiFi" access point. Any resident in the building or on the street had open access and ample opportunity to use DOE #20's IP address for their own purposes and without detection. The likelihood that an individual, other than DOE #20, infringed Plaintiff's copyrights is too great to support any correlation between DOE #20 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to an individual from public exposure and association with the NuCorp allegations – even if later disproven – is too great and presents an undue burden to DOE #20 under Fed. R. Civ. P. 45(c)(3)(A)(iv). See VPR Internationale Order, at 3.

9. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE #20 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

10. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [Fed. R. Civ. P. 45] is subject to the general relevancy standard applicable to discovery under [Fed. R. Civ. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, at 2. Because the infringer could have been anybody with a laptop or smartphone passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim – which it does not – discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE #20 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above,

the burden to DOE #20 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE #20 if allowed to proceed. Good cause exists to quash the subpoena served on RCN to compel the disclosure of the name, address, telephone number and e-mail address of DOE #20.

      11. FOR THESE REASONS, DOE #20 requests that this Court quash the subpoena served on RCN in this matter.

DATED:     8-April 2012           Respectfully submitted,

                               By: /s/Leonard J. French
                               Attorney for DOE #20
                               PA Bar: 312413
                               (Motion for Federal Admission Pending)
                               The Law Offices of Leonard J. French
                               P.O. Box 9125
                               Allentown, PA 18105
                               Telephone: (610) 537-3537
                               Facsimile: (888) 262-0632
                               Email: ljfrench@leonardjfrench.com

## **CERTIFICATE OF SERVICE**

      This is to certify that a true, correct and complete copy of the foreging Motion to Quash Subpoena was served via First Class Mail (postage prepaid) and Electronic Mail (email), addressed to Plaintiff's counsel of record as follows:

> Christopher P. Fiore, Esquire
> Aman M. Barber, III, Esquire
> Attorneys for Plaintiff
> 425 Main Street, Suite 200
> Harleysville, PA 19438
> Tel: (215)256-0205
> Fax: (215)256-9205
> Email: cfiore@fiorebarber.com

This 8th day of April, 2012.

> /s/Leonard J. French
> Leonard J. French

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Eastern District of Pennslyvania

| Nu-Corp, Ltd. | Civil Action No. 5:11-cv-07250 |
| --- | --- |
| *Plaintiff* | |
| v. | |
| John Does 1 -37, | |
| *Defendants.* | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: RCN Corporation
a/k/a RCN Telecomm. Services Inc.
c/o Neustar,
46000 Center Oak Plaza,
Sterling, VA 20166
Via Facsimile: (571) 434-3401

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
| --- | --- | --- |
| 20 | 64.121.13.49 | 9/12/2011 6:41 |

| Place: Christopher P. Fiore, Esq. | Date and Time: |
| --- | --- |
| Fiore & Barber | April 16, 2012 @ 9:00 a.m. |
| 425 Main Street, Suite 200 | |
| Harleysville, PA 19438 | |

Exhibit A

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/1/12

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Christopher P. Fiore, Esq., Fiore & Barber, 425 Main Street, Suite 200, Harleysville, PA 19438, Telephone: (215) 256-0205 - Email: cfiore@fiorebarber.com

Case 2:12-cv-07250-CMR Document 5 Filed 04/11/12 Page 10 of 12
2:11-cv-02068-HAB-DGB # 17 Page 1 of 3
E-FILED
Friday, 29 April, 2011 09:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VPR INTERNATIONALE, | ) |
| | ) |
| Plaintiff, | )   11-2068 |
| | ) |
| v. | ) |
| | ) |
| DOES 1 - 1017, individually and as representatives of a class, | ) |
| | ) |
| Defendants. | ) |

ORDER

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content. VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address. VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address. The court denied the motion for expedited discovery [9]. VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery. VPR seeks certification for one controlling question of law:

> Defendants' identifies are unknown to the Plaintiff. Instead, each Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information associated with each IP address. Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration. In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants. VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

Exhibit B

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred. Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car." The comparison is not apt. The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information. And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff. *Hard Drive*,

---

[1] VPR is represented by John Steele, Esq. Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2] Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions. Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

           **\s\Harold. A. Baker**
          _____
           HAROLD A. BAKER
         UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.