MOTION TO DISMISS AND, IN THE ALTERNATIVE,
TO QUASH AND ISSUE A PROTECIVE ORDER AND
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

FILED

APR 30 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## INTRODUCTION

Defendant Doe[1] (hereinafter "Doe") makes this limited appearance before this Court for the sole purpose of respectfully requesting that the Court dismiss Doe from this litigation, or in the alternative, grant a motion to quash and issue a protective order preventing disclosure of the materials requested by subpoena issued to the Internet Service Provider ("ISP").

Doe recently received notice from the ISP that it had been served with a subpoena by Plaintiff in connection with the instant case (the "Litigation"). At the same time, Doe was informed for the first time that, as the owner of a given IP address, he is currently identified as a putative defendant in the Litigation. Doe understands that the purpose of the subpoena is to require the ISP to provide Plaintiff with Doe's name and contact information, so that Plaintiff will then be able to substitute Doe's true name in the Litigation. Doe is now moving for leave to proceed anonymously, to dismiss the allegations against him, to quash the subpoena and to issue a protective order. A brief overview of the deficiencies in the Litigation illustrates that the Litigation violates fundamental principles of federal civil procedure.

In the Litigation, Plaintiff filed a single complaint against 37 defendants, identified simply as Does 1-37. The Complaint alleges that each defendant committed a similar legal violation of copyright infringement by downloading a movie from the Internet; however, the Complaint admits that the Defendants engaged in this conduct separately, independently, at different times, and in different locations. The Defendants are identified only by the IP addresses associated with the computers which allegedly downloaded the information. The Complaint alleges that the owners of the accounts associated with those IP addresses committed the copyright infringement – even though Plaintiffs have no basis for asserting whether the owner or some other authorized or unauthorized user of the computer or computer network committed the violation. Based on this critical – and baseless – assumption, Plaintiffs next sought to learn the identities of the owners of the IP addresses by requesting the Court to issue subpoenas to internet service providers requiring those ISPs to provide the names of the owners of those IP addresses.

As the arguments set forth herein demonstrate, the instant case is a predatory mass litigation in which Plaintiff has taken unconstitutional shortcuts in violation of the most fundamental principles of the federal courts' procedural safeguards. Accordingly, Doe

---

[1] Defendant has not received any copies of the papers filed in the underlying litigation and therefore does not know which number "Doe" he is in that litigation. These documents will refer to the undersigned Defendant as Doe.

respectfully requests that the Court dismiss Doe from the Litigation, or at the very least, issue a protective order preventing disclosure of information about Doe requested in the subpoena.

I.  **The Court Should Allow John Doe to Proceed Anonymously**

As an initial matter, Doe respectfully requests that he be permitted to proceed anonymously in filing this motion. The only way for defendant John Doe to protect his rights by way of these motions without identifying himself by name is to proceed anonymously. See 2TheMart.com, 140 F.Supp.2d at 1095-98; Best Western Int'l Inc. v. Doe, No. CV-06-1537, 2006 WL 2091695 at *5 (D. Ariz. July 25, 2006). Proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the very same information which Plaintiff seeks to obtain through its improper subpoena. In other words, quashing the subpoena while requiring defendant John Doe to proceed in his own name would entirely defeat the purpose of the motion to quash. Accordingly, Doe respectfully requests that the Court permit him to proceed anonymously.

II. **Plaintiff Has Improperly Joined the Defendants Based on Separate and Different Alleged Acts**

Plaintiff has improperly joined numerous defendants together in this lawsuit, without sufficient basis. Federal Rule 20 permits joinder of defendants when a two pronged test is met: (1) any right to relief is asserted against defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. At most, Plaintiffs here allege a single common question of law in that defendants are alleged to have committed similar copyright violations. However, Plaintiffs have not, and cannot, allege that any right to relief is asserted jointly or severally, or that the violations arise out of the same series of transactions, or that the first prong is satisfied in any manner whatsoever. Accordingly, the allegations in the Complaint are plainly insufficient to satisfy the Rule 20 standard and Doe respectfully urges the Court to sever his claim.

The Court in Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 offered a solid survey of the law regarding this issue throughout the United States and properly concluded that a plaintiff should not join multiple Doe defendants in one lawsuit. The Court noted that:

> In its Complaint, Plaintiff improperly joined as Defendants 259 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In almost every instance, the pertinent court determined that joinder was improper and severed and

> dismissed all but the first defendant.[2] It is clear that Plaintiff is now hoping to get a contrary ruling in this Court. However, there is no basis for this approach. A favorable ruling to the Plaintiff will almost certainly result in an avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy.

Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 at *3-4.

The Court concluded that: Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience. Id.

The Court also addressed the plaintiff's argument that the use of BitTorrent is somehow different than the other P2P websites and justifies joinder. Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 at *4-5. The Court noted that:

> a. Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder
> Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the hundreds of Defendants residing in all different parts of the country. As one court concluded just four months ago in an identical case: Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. ... The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world. Hard Drive Prods., Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); On the Cheap, LLC v. Does 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

---

[2] See, e.g., Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); AF Holdings, LLC v. Does 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); Hard Drive Productions, Inc. v. John Does 1-30, No 2:11cv345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); BMG Music v. Does 1-203, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court *sua sponte* severed defendants).

> Plaintiff attempts to create the illusion that Defendants made a concerted effort stating that "Defendants have traded (uploaded and downloaded) the exact same file of the copyrighted works in related transactions through torrent software." (*See* Complaint ¶ 5). This representation is misleading. Even though Plaintiff claims that Defendants downloaded the same file, it has not alleged that Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. See, e.g., MCGIP, LLC v. Does 1-149, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); Boy Racer v. Does 2-52, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant). This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.

Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 at *4-5.

The claim that joinder is proper based on BitTorrent or other peer-2-peer protocols has been reviewed and almost universally rejected by various Courts. LaFace Records LLC v. Does 1-38, 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992 at 1 (rejecting Plaintiff's argument that copyright infringement claims did not arise out of the same transaction, occurrence, or series of transactions. ..because each defendant used the same ISP as well as the same P2P networks); See also Interscope Records v. Does 1-25, 2004 U.S. Dist. LEXIS 27782, at 2 (holding improper joinder although defendants were alleged to have disseminated the plaintiffs' copyrighted works through the same P2P network); Elektra Entertainment Group, Inc. v Does 1-9, 2004 U.S. Dist. LEXIS 23560, 2004 WL 2095581, at 1 (finding the mere use of the same P2P protocol was insufficient to establish the plaintiff's copyright infringement claims were logically related for purposes of Rule 20(a)(2)); Fonovisa, Inc. v. Does 1-9, 2008 U.S. Dist LEXIS 27170, 2008 WL 919701 (finding joinder improper because of the different factual contexts of the alleged infringement for each defendant and absence a showing of any evidence showing joint action by defendants, other than their use of the same P2P network to access copyrighted recordings); Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 (holding joinder of Doe Defendants improper based on alleged us on Bit torrent protocols; Diabolic Video Productions v. Does 1-2,099, 2011 U.S. Dist. LEXIS 58351, 10 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (held that the nature of the Bit Torrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works. IO Group v. Does 1-19, 2010 U.S. Dist. LEXIS 133717, *8-9 (N.D. Cal. Dec. 7, 2010). (Holding that the "only factual allegation connecting the defendants" - the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work – was insufficient for joinder of multiple defendants under Rule 20.); IO Group, Inc. v. Does 1-435, 2011 U.S. Dist. LEXIS 14123, *15-16 (N.D. Cal. Feb. 3, 2011). Lightspeed v. Does 1-1,000, 2011 U.S. Dist LEXIS 35392 (N.D. Ill. March 31, 2011) (plaintiff alleged that the defendants illegally reproduced and distributed its copyrighted works over the Internet through BitTorrent, the court severed

defendants because of improper joinder.); Boy Racer v. Does 1-71, 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (Severed for improper joinder based on peer-to-peer architecture identical to BitTorrent protpocals); Boy Racer v. Does 1-52, 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (same)."

Mass joinder of individuals has been roundly rejected by courts in similar cases. As a court explained in one such case, even the purported factual and legal similarities in such cases are insufficient to satisfy the second prong of the Rule 20 test:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Similarly, in LaFace Records, LLC v. Does 1-38, the court ordered severance of a lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same alleged violation of the law in exactly the same way. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008). Despite these similarities, the court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." Id. This result is clear based on the two-pronged standard of Rule 20, and applies even more strongly here where the second prong – similar questions of fact and law – is much weaker than in LaFace, and the first prong is similarly unsatisfied.

In fact, the improper joinder is so strong in these cases that one court *sua sponte* severed multiple defendants in an action where the only alleged connection between them was the allegation they used the same ISP to conduct copyright infringement. BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006). See also Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate *sua sponte* recommended severance of multiple defendants in action where only connection between them was alleged use of same ISP and P2P network to engage in copyright infringement); BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, In re Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al. v. Does 1-41 (No. A-04-CA-550 LY), Atlantic Recording Corporation, et al. v. Does 1-151 (No. A-04-

CA-636 SS), Elektra Entertainment Group, Inc. et al. v. Does 1-11 (No. A-04-CA-703 LY); and UMG Recordings, Inc., et al. v. Does 1-51 (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Nor does the allegation of a similar method for committing the alleged illegal activity create a basis for joinder. In Nassau County Association of Insurance. Agents, Inc., v. Aetna Life & Casualty, for example, the Second Circuit refused to allow 164 insurance companies to be joined in a single action simply because they allegedly used the same methods to cheat agents, describing that attempted joinder as "a gross abuse of procedure." 497 F.2d 1151, 1154 (2d Cir. 1974). Here, the second prong cannot be satisfied because whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Thus, Plaintiff's allegations that Defendants committed similar legal violations based on similar downloading conduct is insufficient to satisfy the "common questions of law or fact" standard of Rule 20's second prong. Moreover, it is undisputed that Plaintiff has not alleged and cannot satisfy the joint and several liability or same transaction requirements of Rule 20's first prong. Therefore, joinder is clearly improper in this case and the Court should sever the claims against each defendant. Fed. R. Civ. P. 21. Specifically, the Court should follow the example of courts in similar cases and maintain this action against Doe 1 only and dismiss the claims against all other defendants without prejudice.

### III. Defendant Doe Moves this Court to Quash the Subpoena, or in the Alternative, to Issue a Protective Order

Although courts have not, as a general matter, recognized the right to quash a subpoena issued to a different party, courts have found that, in some cases, movants who are not the subpoena recipients have sufficient standing based on "the nature of the information sought." See First Indem. of Am. Ins. Co. v. Shinas, No. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). Standing may be found when the movant, though not the subpoena recipient, asserts a "claim of privilege," Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975); "has a sufficient privacy interest in the confidentiality of the records sought," ADL, LLC v. Tirakian, No. CV 2006-5076(SJF)(MDG), 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); or seeks to protect "a proprietary interest in the subpoenaed matter," United States v.

Nachamie, 91 F.Supp.2d 552, 558 (S.D.N.Y.2000). See also Ariaz-Zeballos v. Tan, No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs") (citations omitted); Ungar v. Palestinian Auth., 400 F.Supp.2d 541, 553 (S.D.N.Y.2005) (standing to quash subpoena where there was an "excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents").

Here, Plaintiff seeks to obtain the name and address of the John Doe defendants. Thus, even though the subpoena is not issued to Doe, the information sought is Doe's personal information, and he clearly has an interest in that information sufficient to confer standing here.

Under Federal Rule of Civil Procedure 26(c), a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed.R.Civ.P. 26(c). Alternatively, a court may quash or modify a subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3), including where the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii).

It is clear that this mass litigation, including the Subpoena, is pursued solely for the purpose of harassing defendants and forcing them to settle in order to avoid the burden and expense of litigating this case. Even if this Court decides not to dismiss the litigation, or not to rule on that motion at this stage in the proceedings, the Court should issue a protective order or quash the Subpoena in order to protect Doe from having his identity revealed to plaintiffs so that they may pursue their predatory scheme against him.

                                              Respectfully Submitted,

                                              *John Doe* (signature)

                                              John Doe, IP Address 151.197.62.17

Dated: 4/28/12

## CERTIFICATION OF SERVICE

      I hereby certify that one copy of the within motion papers was sent on this date by first class mail to the United States District Court for the Eastern District of Pennsylvania:

United States Courthouse
601 Market Street, Room 13613
Philadelphia, Pennsylvania 19106

I further certify that one copy of same was sent by first class mail on this date to:

Fiore & Barber
425 MAIN ST STE 200
HARLEYSVILLE, PA 19438

**FILED**
APR 30 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

John Doe, IP Address 151.197.62.17

By: _John Doe_
IP Address 151.197.62.17

Dated: 4/28/12