**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------------X
                                                            :

NUCORP, INC.,
                                                            :     Civil  Action  No.  5:11-cv-07250-CMR

            Plaintiff,

            vs.

JOHN DOES 1-37,

           Defendants.

------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO QUASH AND ISSUE A PROTECTIVE <u>ORDER AND MOTION FOR LEAVE TO PROCEED ANONYMOUSLY</u>**

1

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO QUASH AND ISSUE A PROTECTIVE ORDER AND MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

I. **INTRODUCTION**

This Court should deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper. Plaintiff does not object to the Defendant proceeding under a protective order. Recently this Court issued two opinions addressing the exact same issues in similar BitTorrent copyright infringement actions, holding that all Motions to Quash should be denied because Plaintiff's right to pursue its claim for copyright infringement outweighs any asserted rights to privacy by the Doe Defendants and that joinder of the Defendants was proper. See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); see also Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012). Previously, the Court has also held that the urgency of receiving Defendant's information in internet copyright infringement cases is good cause to issue subpoenas. See K-Beech, Inc. v. Doe, CIV.A. 11-7083, 2012 WL 262722 (E.D. Pa. Jan. 30, 2012).

Other Courts in the Third Circuit have reached similar conclusions. See K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) ("Plaintiff's interest in discovering Defendants' identities outweighs Defendants' interests in remaining anonymous. Accordingly, the Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered."); see also Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D. N.J. Jan 6, 2012) ("Plaintiff has also sufficiently alleged a central need for the subpoenaed

information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim.")

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants. Doe 3 in the Arista case unsuccessfully argued he or she had a First Amendment right to remain anonymous which outweighed a Plaintiff's right under the Petition Clause of the U.S. Constitution to sue for copyright infringement. Additionally, the Second Circuit rejected Doe 3's assertion that the Supreme Court's heighted pleading standards as announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1337 (2009) made it impossible to plead a claim of infringement against an on-line anonymous infringer.

> [T]he Court finds that (a) the information sought in the subpoenas is relevant to the plaintiff's claims; and (b) under the circumstances, the plaintiff's right to pursue its claims of infringement by means of discovering subscriber information outweighs the moving defendant's asserted rights to remain anonymous in connection with the alleged infringing activity.

Id. at 5.

The online theft of Plaintiff's property greatly damages its business, products, and reputation. The phenomenon is pervasive in the adult movie industry. According to a Miami

New Times survey, thirty two percent (32%) of respondents <u>admit</u> to illegally downloading their adult movies.[1]  Accordingly, Plaintiff Nucorp's motivation for bringing these suits is quite simply to hold the infringers liable for their theft and by so doing hopefully deter the future theft of its movies.  If there was any easier way to stop the infringement, Nucorp would immediately pursue it.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity.  If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.  Any such holding would be contrary to existing law and the express policy of Congress.  In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c).  See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that <u>consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement.</u> Congress found that 'copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies,' and cautioned that 'the potential for this problem to worsen is great.'

<u>Sony v. Tennenbaum,</u> 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

## II.  JOINDER IS PROPER

Fed.R.Civ.P. 20(a) permits joinder when: (1) there is the "same transaction or occurrence" <u>or</u> (2) a "series of transactions or occurrences" <u>or</u> (3) claims upon which the Defendant asserts the right to relief jointly or "severally" against the Defendants.  Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits

---

[1] <u>See</u> http://business.avn.com/articles/video/Miami-New-Times-Releases-Sex-Survey-Results-447237.html

joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.  Plaintiff has done both here.

Recently this Court, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> After considering the parties' filings in the present matter, we find that severance would be inappropriate at this time. Plaintiff's allegation that Defendants downloaded and shared the same file, were part of the same swarm, and are contributorily liable for each others' infringement is sufficient to establish, at this stage of the proceedings, that the claims against each Defendant are logically related and therefore arise out of the same transaction, occurrence, or series of transactions and occurrences. Further, Plaintiff's infringement claims against each Defendant clearly contain common questions of law and fact. While we recognize that each Defendant may later present different factual and legal defenses, that does not defeat the commonality that supports joinder at this stage.  Therefore, Defendant's motion to sever will be denied without prejudice.

<u>Patrick Collins Inc. v. John Does 1-18</u>, 2:11-cv-07252-MSG, *3 (E.D. Pa. May 7, 2012).

### A.  <u>The Infringement Occurred Through a Series of Transactions</u>

 "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

<u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

5

### i. Series of Transactions Explained By the Michigan Court

Recently, Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near identical case, expanding substantial effort to understand the allegations in the complaint and the applicable law. Judge Randon summarized the plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.
> By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012). Significantly, Judge Randon than explained that each Defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

> If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:
> 1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or
> 2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or
> 3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or
> 4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.

> In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

Id. Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

> Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.

Id.

The Honorable Mary McLaughlin recently addressed this exact issue in a similar BitTorrent copyright infringement action. Judge McLaughlin held joinder was proper because the claims arise out of the same series of transactions. Raw Films v. John Does 1-15, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

Id.

### B. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

Joinder is also proper when, as here, a plaintiff pleads joint and several liability. See Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")

7


Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative".  In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "**Jointly**, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D.  "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally.  Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally."  Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

### C.  There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact.  "The Plaintiff meets this requirement.  In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders."  Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

### D. Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendant and Doe Defendants Cannot Demonstrate Prejudice At This Stage

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

This Court has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

### E. The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here

Defendant incorrectly attributes several quotes in his Motion to the case Hard Drive Productions, Inc. v. Does 1-188, 809 F. Supp. 2d 1150 (N.D. Cal. 2011). (Def's Mot. 2-3, 4). After reviewing Hard Drive, Plaintiff believes Defendant has incorrectly cited to this case. Regardless, Hard Drive Productions was decided incorrectly. Recently the Eastern District of Michigan extensively analyzed and distinguished Hard Drive from cases such as the present one.

> The court in *HardDrive Productions* decided that a plaintiff must show that the defendants were in the same swarm at the same time. *Hard Drive Productions,* 809 F.Supp.2d at 1164. This requirement, however, overlooks the thrust of the allegation that Defendants were part of the same swarm. That Defendants were all part of the same swarm demonstrates that they downloaded the Movie through a series of uploads and downloads from the same initial seeder.

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012).

Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit. See (1) <u>BMG Music, et.. al. v. Does 1-4</u>, Case No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, (N.D. Cal. 2006), (5 Plaintiffs – 12 different songs, <u>see</u> the Complaint at ¶ 15 and Exhibit A to the Complaint); (2) <u>Twentieth Century Fox Film Corp. et. al. v. Does 1-12</u>, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, <u>see</u> the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (3) <u>Interscope Records, et. al. v. Does 1-25</u>, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC-DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, <u>see</u> the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (4) <u>BMG Music v. Does 1-203</u>, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, <u>see</u> the Complaint at ¶¶ 4-19 & 23.) Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement. Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent swarm.

Defendant's citation to <u>LaFace Records v. Does 1-38,</u> 2008 WL 544992 (E.D.N.C. 2008) is also misplaced. In <u>LaFace</u>, eleven recording studios sued over dozens of copyrights. The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol. Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file. Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent. And, Plaintiff alleged that the Defendants were distributing the pieces to each other. Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other. Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for

the infringement of each of the other Defendants. This is yet another basis to hold that joinder is proper.

### III. THE COURT SHOULD NOT QUASH THE SUBPOENA

Defendant incorrectly misconstrues Plaintiff's purpose for issuing the subpoena. Plaintiff's intent is to deter copyright infringement and hold those who have infringed its movies accountable. Further, courts have held that being sued in a law suit in not grounds to claim harassment.

> [I]t appears that the retaliation that such John Doe fears is, in part, being sued in an individual action for copyright infringement, which is the course of action such John Doe defendant later champions as being preferable over so called 'mass actions' for copyright infringement. While the court is sensitive to a pro se litigant's claim of retaliation, invoking the court's jurisdiction to civilly resolve a copyright dispute is not an act of retaliation.

K-Beech, Inc. v. Does 1-29, 2011 WL 5966337 (W.D.N.C. Nov. 28, 2011).

Contrary to Defendant's assertions, John Doe does not have a significant interest in his personal information being released. As this Court analyzed, opening your personal information up to others through the alleged file sharing does reduces any expectation of privacy.

> "[C]ourts analyzing the expectation of privacy possessed by internet users engaging in online file-sharing have concluded that such expectation is at most minimal because those individuals have already voluntarily given up certain information by engaging in that behavior. A Doe defendant who has allegedly used the internet to unlawfully download and disseminate copyrighted material does not have a significant expectation of privacy. *Accord In re Verizon Internet Servs., Inc.,* 257 F.Supp.2d 244, 267 (D.D.C.2003) (engaging in peer-to-peer file-sharing is akin to "essentially opening up the computer to the world").

Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012). This Court further continued that even if the Doe Defendant did have an expectation of piracy it is outweighed by the valid claim of infringement. "Even if the moving Does retained a reasonable expectation of privacy in their subscriber information, that interest is substantially

11

outweighed by the need to disclose it so that the plaintiff may proceed with bringing what appear to be non-frivolous claims of copyright infringement that cannot be advanced by other means."

Id.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED: this 14th day of May, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:   /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Christopher P. Fiore*